UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREBCO SPECIALTY PRODUCTS INC.,

                         Plaintiff,

        - against -

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A HERETO,

                         Defendants.

**ORDER**

21 Civ. 9238 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

           Plaintiff Trebco Specialty Products Inc. filed this copyright infringement action

on November 8, 2021, against 109 individuals and businesses primarily based in China.  (Cmplt.

(Dkt. No. 1) ¶¶ 1, 23, 50; Schedule A (Dkt. No. 10))  On October 13, 2022, this Court issued a

default judgement and permanent injunction against Defendants and referred the case to

Magistrate Judge James L. Cott for an inquest on damages.  (Order of Default (Dkt. No. 99);

Order of Reference (Dkt. No. 100); Order Granting Permanent Injunction (Dkt No. 101))  On

August 15, 2023, Judge Cott issued a Report and Recommendation ("R&R") addressing the

appropriate amount of damages.  (R&R (Dkt. No. 116))  No party has objected to the R&R.  For

the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND[1]

### I.    FACTS

Plaintiff Trebco is a Connecticut-based corporation that manufactures and sells specialty children's pacifiers.  (Cmplt. (Dkt. No. 1) ¶¶ 15-16)  Defendants are 109 individuals and businesses primarily based in China.  (Id. ¶ 23; Schedule A (Dkt. No. 10))

The Complaint alleges that Defendants operate online marketplaces in which they advertise and sell counterfeit versions of Trebco's WubbaNub brand of animal plush toy pacifiers.  (Cmplt. (Dkt. No. 1) ¶¶ 3-5, 17-19)  Plaintiff seeks, inter alia, statutory damages under 17 U.S.C. § 504(c) related to Defendants' copyright infringement.  (Id. ¶ 63)

### II.    PROCEDURAL HISTORY

The Complaint was filed on November 8, 2021, and asserts copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., and unfair competition under New York law against 109 Defendants listed in Schedule A attached to the Complaint.  (Id. ¶¶ 50, 67; Schedule A (Dkt. No. 10))  Plaintiff has amended Schedule A on several occasions and has voluntarily dismissed claims against 74 of the original 109 Defendants.  (Dkt. Nos. 21, 26, 59, 61, 69, 71, 83, 87, 90, 93, 97)  The remaining 35 Defendants are subject to this Court's October 13, 2022 Order of Default (the "Defaulting Defendants").  (Dkt. No. 99)

On February 1, 2022, this Court issued a temporary restraining order against the Defaulting Defendants and directed the parties to appear at a preliminary injunction hearing. (Dkt. No. 28)  None of the Defaulting Defendants appeared at the April 5, 2022 hearing (Order

---

[1]  The parties have not objected to Judge Cott's recitation of the alleged facts. Accordingly, the Court adopts his account of the facts in full.  See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . .").

of Default (Dkt. No. 99) at 1-2), and this Court issued a preliminary injunction on April 21, 2022.  (Dkt. No. 67)

Plaintiff moved for a default judgment on June 7, 2022.  (Dkt. No. 81)  On October 13, 2022, this Court issued a default judgment and permanent injunction against the remaining 35 Defendants.  (Dkt. Nos. 99, 101)  This Court also referred the matter to Judge Cott for an inquest on damages.  (Dkt. No. 100)

On November 7, 2022, Plaintiff submitted Proposed Findings of Fact and Conclusions of Law to Judge Cott with respect to the damages issue.  (Dkt. No. 103)  The Defaulting Defendants made no submissions.

On August 15, 2023, Judge Cott issued an R&R recommending that this Court: "(1) award Trebco $1,400,000 in statutory damages, (2) issue an order freezing each Defaulting Defendant's assets, and (3) authorize the release and transfer of those assets to Trebco until the awards against each of the respective Defaulting Defendants are satisfied."  (R&R (Dkt. No. 116) at 1-2)  No party filed an objection to the R&R.

## DISCUSSION

I.   **STANDARD OF REVIEW**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where, as here, no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, the Second Circuit has made

clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## II.   LIABILITY

In default proceedings, "[the] court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability." Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009); see also Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) ("[It is an] ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party."). However, the court is still "required to determine whether [plaintiff's] allegations establish [defendant's] liability as a matter of law." Finkel, 577 F.3d at 84.

As Judge Cott notes, "'[t]o prevail on a claim of copyright infringement, a plaintiff must show both [1] ownership of a valid copyright and [2] copying' of a protected work without authorization." (R&R (Dkt. No. 116) at 6 (quoting Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l., Inc., 668 F.2d 699, 702 (2d Cir. 1982)) Here, Judge Cott properly finds that both elements are satisfied, because "Trebco adequately alleged that (1) it owns valid copyrights and (2) the Counterfeits [of Trebco's WubbaNub products] were 'strikingly similar' to genuine Trebco products and were sold without Trebco's authorization." (Id. at 6-7 (citations omitted)) Accordingly, liability is established.

## III.   <u>DAMAGES</u>

"[A] default is not an admission of damages, which must be established in a separate evidentiary proceeding."  <u>Finkel</u>, 577 F.3d at 83 n.6.  As Judge Cott notes, however, "[a]n evidentiary hearing is not necessary when the documents submitted provide a 'sufficient basis from which to evaluate the fairness of' the damages requested."  (R&R (Dkt. No. 116) at 5-6 (quoting <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989))  This Court finds no clear error in Judge Cott's determination that Plaintiff's submissions "form a 'sufficient basis from which to evaluate the fairness' of its request for damages and thus, a hearing is unnecessary."  (<u>Id.</u> at 7 (quoting <u>Fustok</u>, 873 F.2d at 40))

Where a copyright infringement claim has been established, a copyright owner is entitled to either (1) its "actual damages and any additional profits of the infringer"; or (2) "statutory damages."  17 U.S.C. § 504(a).  Here, Plaintiff asserts that its "actual damages are extremely difficult, if not impossible, to calculate."  (Plaintiff's Proposed Findings of Fact and Conclusions of Law ("Pltf. Br.") (Dkt. No. 103) ¶ 38)  Accordingly, Plaintiff seeks statutory damages of $1.75 million, an amount premised on a $50,000 statutory damages award against each of the 35 Defaulting Defendants.  (<u>Id.</u> ¶ 59)  Plaintiff also seeks a post-judgment asset freeze and transfer of the Defaulting Defendant's frozen assets to Trebco.  (<u>Id.</u> ¶¶ 78-80)[2]

Courts may award statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Moreover, where a copyright owner has proven that the infringement was committed "willfully," the court "in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  <u>Id.</u> § 504(c)(2).

---

[2]  Although Plaintiff further seeks a permanent injunction against the Defaulting Defendants (<u>id.</u> ¶ 67), this Court granted that relief on October 13, 2022.  (Dkt. No. 101)

The Second Circuit has set forth six factors that courts should consider in calculating statutory damages:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

Finding that it is "impossible . . . to ascertain" information concerning factors two, three, and five because of the Defaulting Defendants' failure to appear, Judge Cott focuses his analysis on factors one, four and six.  (R&R (Dkt. No. 116) at 9).  As to factors one and six, Judge Cott finds that the Defaulting Defendants "acted willfully by virtue of having defaulted, the statutory presumption of willfulness [under 17 U.S.C. § 504(c)(3)(A)], and their conduct," which includes "'us[ing] privacy services that conceal [their] identit[ies] and contact information,'" and "'operat[ing] under multiple fictitious names.'"  (Id. at 10-11 (quoting Cmplt. (Dkt. No. 1) ¶¶ 37, 38)).  As to factor four, Judge Cott finds that "[t]he desired deterrent effect . . . on Defaulting Defendants and other potential infringing parties . . . justifies a significant award."  (Id. at 11)  In recommending that Plaintiff be awarded $40,000 per Defaulting Defendant rather than the requested $50,000, however, Judge Cott notes that "Trebco did not explain . . . what specific enforcement efforts it took prior to filing suit" and "it provided no evidence of having sent cease and desist letters or notices seeking to end the infringing activity."  (Id. at 12)

This Court finds no error in Judge Cott's analysis.  Accordingly, the Court will adopt his recommendation and award Plaintiff $40,000 in statutory damages per Defaulting Defendant, amounting to a total award of $1.4 million.

Plaintiff has also requested an order freezing the Defaulting Defendant's assets and directing that their assets be transferred to Plaintiff.  (Pltf. Br. (Dkt. No. 103) ¶¶ 78-80). Under Rule 69(a)(1) of the Federal Rules of Civil Procedure, "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(1).  Fed. R. Civ. P. 64(a) provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  As Judge Cott notes, "Section 5222 of the New York Civil Practice Law and Rules permits a judgment creditor to serve a restraining notice on a judgment debtor, which prohibits the judgment debtor from 'mak[ing] or suffer[ing] any sale, assignment, transfer[,] or interference with any property in which [it] has an interest,' except in limited circumstances."  (R&R (Dkt. No. 116) at 13 (alterations in original) (quoting N.Y. C.P.L.R. § 5222(b))  In addition, "Section 5225 of the New York Civil Practice Law and Rules authorizes this Court to compel a nonparty to surrender a judgment debtor's property."  (Id. at 14 (citing N.Y. C.P.L.R. § 5225))  Relying on this authority, Judge Cott recommends that this Court "issue an order freezing each Defaulting Defendant's assets and authorizing the release and transfer of those assets to Trebco until the damages awards against each of the respective Defaulting Defendants are satisfied."  (Id. at 15)

This Court finds no clear error in Judge Cott's determination.  Accordingly, the Court will adopt his recommendation and issue an order freezing each of the Defaulting Defendant's assets and authorizing those assets' release and transfer to Trebco until the damages awards are satisfied.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Plaintiff is awarded $40,000 in statutory damages against each Defaulting Defendant.  Post-judgment interest is awarded using the federal rate set forth in 28 U.S.C. § 1961, calculated from the date the Clerk of Court enters judgment in this action until the date of payment.  Plaintiff's request for a post-judgment freeze of the Defaulting Defendant's assets and for the transfer of those assets to Plaintiff is granted.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
      December 29, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge